## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG

RANDALL LEON LOCKHART,

      Movant,

v.                                        Case No. 6:10-cv-01375
                                          Case No. 6:04-cr-00164

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

On December 13, 2010, Movant, Randall Leon Lockhart
("Defendant"), filed a Motion to Modify an Imposed Term of
Imprisonment in the Nature of a Writ of Audita Querela (docket #
116).  By standing order, the presiding District Judge referred the
motion to this United States Magistrate Judge for submission of
proposed findings and recommendation for disposition.

### PROCEDURAL HISTORY

On August 25, 2004, an indictment was returned against
Defendant, charging him with two counts of being a felon in
possession of three firearms (Count One) and one firearm (Count
Three), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and
one count of possession of a sawed-off shotgun (Count Two), in
violation of 26 U.S.C. §§ 5861(d) and 5871.  (Indictment, # 1.)

On April 25, 2005, Defendant entered a guilty plea to Count
One, pursuant to a plea agreement.  The plea agreement, signed by
Defendant on April 15, 2005, contains a stipulation of facts as

follows:

> (a) The Harrington and Richardson, single shot, 20 gauge shotgun referenced in Count One, paragraph 1(c), is a firearm described in 26 U.S.C. § 5845(a), that is, a firearm having an overall length of less than 26 inches, and having a barrel of less than 18 inches in length.

> (b) At the time Mr. Lockhart possessed the aforesaid firearm, he had been convicted of two offenses of felony jail break in violation of West Virginia Code Section 61-5-10.

> (c) Mr. Lockhart possessed at least three firearms.

> (d) Mr. Lockhart possessed the firearms in connection with another felony offense.

(# 50, at 2.)

On July 18, 2005, the presiding District Judge, the Hon. Joseph R. Goodwin, imposed the statutory maximum sentence of 120 months (Defendant's guideline range exceeded the statutory maximum, due to his lengthy criminal history), to be followed by a three year term of supervised release, and a $100 special assessment (# 59). The Judgment was entered July 22, 2005 (# 60). No direct appeal was taken.

On September 7, 2006, Defendant filed a § 2255 Motion (# 73), which was deemed to be timely. The Motion was denied on January 30, 2008. (## 106, 107.) "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Rule 9, Rules Governing Section 2255 Proceedings.

## FACTS OF THE CASE

According to the presentence report ("PSR"), Harlan Williams owed Defendant payment for an "eight-ball" (1/8th of an ounce, or approximately 3.5 grams) of methamphetamine.  (PSR, ¶ 21, at 6.) When Williams did not pay the drug debt for a year, Defendant stole Williams' motorcycle.  Id.  Williams reported the theft of the motorcycle to the police and his insurance carrier.  Id.

On July 25, 2002, Defendant rode the motorcycle to his former girlfriend's house; when her father arrived, Defendant ran away. Id., ¶ 24, at 7.  When the police arrived, an officer found a leather jacket on the motorcycle, with a .22 caliber Lorcin pistol, 59 .22 caliber bullets, a crack pipe and cooking spoon, and a cell phone, in the jacket pockets.  Id., ¶ 22.  The .22 caliber Lorcin is the firearm listed in Count Three of the indictment.

The next day, on July 26, 2002, police responded to a fire at Harlan Williams' house.  Id., ¶¶ 11, 20.  The caller to 911 reported that three people, traveling in a dark colored van, had set the fire and fled.  Id., ¶ 12, at 5.  When a trooper stopped a dark colored van in the vicinity, the front seat passenger fled, and the driver, Kristina Davis, and the rear seat passenger, Michael Zavetsky, were arrested.  Id., ¶ 14.  Davis and Zavetsky declined to identify the third person.  Id.  Police found three weapons in the van, which are the three firearms listed in Count One of the indictment.  The Harrington and Richardson sawed-off 20

gauge shotgun was found between the front seats, and twenty rounds of 20 gauge shotgun ammunition were found on the front passenger floorboard. Id., ¶ 15.  Mr. Williams suggested to police that his house was burned in retaliation for his reporting the theft of his motorcycle.  Id., ¶ 20, at 6.  The indictment contains a sentencing allegation that, as to Count One, "all firearms were possessed in connection with the felony offense of arson."

### GROUND FOR RELIEF

Defendant states the issue as follows:

> Begay v. United States is a circuit precedent overruling
> and retroactive Supreme Court decision that results in a
> newly created legal objection and/or defense to Mr.
> Lockhart's Guidelines enhanced sentence; because, the two
> "crimes of violence" used are nonqualifying escape
> convictions under West Virginia law.  28 U.S.C. § 2255 is
> inadequate to test the legality of Mr. Lockhart's
> detention; because, it deprives Mr. Lockhart of an
> unobstructed procedural opportunity to raise this claim.
> Should this Honorable Court modify Mr. Lockhart's
> sentence?

(# 116, at 2.)  Defendant asserts that Begay, 553 U.S. 137 (2008), is retroactive and that his prior convictions for jail breaking are not violent felonies.  Id. at 5.

Defendant's Base Offense Level was 26, pursuant to USSG § 2K2.1(a)(1), because at that time, escape was considered to be a crime of violence.  Subsequent decisions, notably Chambers v. United States, 555 U.S. 122 (2009), and United States v. Clay, ___ F.3d ____, No. 09-4572, 2010 WL 4970223 (4th Cir. Dec. 8, 2010), have held that offenses like walk-away escape and failure to report

4

do not qualify as crimes of violence. Defendant contends that a motion filed pursuant to 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention, and that this Court should exercise its authority under the All Writs Act to modify his sentence. (# 116, at 6.)

Defendant's Total Offense Level was 29 and his Criminal History Category was V (12 points), yielding a guideline range of 140-175 months. Defendant does not challenge the adjustments to the Base Offense Level or his Criminal History score.

The United States District Court for the District of South Carolina has addressed petitions filed by inmates raising issues similar to the instant case. These cases, <u>Walsh v. Rivera</u>, No. 8:10-85-PMD-BHH, 2010 WL 4366146 (D.S.C. Apr. 8, 2010), <u>McKelvey v. Rivera</u>, No. 4:10-422-HFF-TER (D.S.C. June 18, 2010), and <u>United States v. McGowan</u>, No. 6:06-989-HMH (D.S.C. Nov. 3, 2010), find the petitions to lack merit for the following reasons:

a. <u>Begay</u> and <u>Chambers</u> have not been held to apply retroactively to cases on collateral review;

b. The writ of *audita querela* has been abolished, Rule 60(e), Fed. R. Civ. P.

c. Such petitions for re-sentencing are cognizable only through 28 U.S.C. § 2255. <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000), held that a § 2255 motion (even if barred as successive) is ineffective or inadequate only if a defendant meets three criteria,

one of which is that "the substantive law changed such that *the conduct of which the prisoner was convicted* is deemed not to be criminal." [Emphasis supplied.]  Defendant's offense conduct, being a felon in possession of three firearms (one of which was a sawed-off shotgun), remains criminal.

Based on the thorough reasoning and explanation in <u>Walsh</u>, <u>McKelvey</u>, and <u>McGowan</u> (copies of which are being supplied to Defendant), the undersigned proposes that the presiding District Judge **FIND** that Defendant's Motion (# 116) is a successive motion under 28 U.S.C. § 2255 for which he has not obtained authorization from the Fourth Circuit.

**RECOMMENDATION**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny Movant's Motion and dismiss this matter from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed

Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, Randall Leon Lockhart (with copies of Walsh, McKelvey, and McGowan), and to transmit it to counsel of record.


 January 10, 2011                    _Mary E. Stanley_____
      Date                           Mary E. Stanley
                                     United States Magistrate Judge

7