**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

RANDALL LEON LOCKHART,

                Petitioner,

v.                              CIVIL ACTION NO.  6:10-cv-01375
                              (Criminal No. 6:04-cr-00164-1)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's motion titled "Pro Se Motion to Modify an Imposed Term of Imprisonment in the Nature of a Writ of Audita Querela" [Docket 116], which was construed as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  By Standing Order entered September 2, 2010, and filed in this case on December 16, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R [Docket 120] on January 1, 2010, recommending that this Court deny Petitioner's motion and dismiss this matter from the docket.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Magistrate Judge Stanley proposed that the motion should be dismissed as a successive 28 U.S.C. § 2255 motion for which Petitioner has not obtained authorization from the Fourth Circuit. Second or successive motions under 28 U.S.C. § 2255 must be certified by the Court of Appeals to contain either new evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).  Petitioner's first § 2255 motion was denied on January 30, 2008.  Because Petitioner's motion is a successive motion that the Court of Appeals has not authorized this Court to consider, the motion must be dismissed for lack of jurisdiction.[1]

Accordingly, the Court **DENIES** Petitioner's motion [Docket 116] as successive and **DISMISSES** this case from the docket.[2]  The Court **ADOPTS** the PF&R to the extent that the Magistrate Judge recommends that the motion be dismissed as a successive motion.  The Court makes no findings regarding the other matters addressed in the PF&R.  A separate Judgment Order will enter this day implementing the rulings contained herein.

---

[1] Petitioner must follow the procedure laid out in 28 U.S.C. § 2244 if he wishes to attempt to obtain certification from the Court of Appeals.  28 U.S.C. § 2255(h).

[2] Consequently, the Court **DENIES AS MOOT** Petitioner's Motion to Expedite Consideration [Docket 124].

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 30, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3